UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **THIS DOCUMENT RELATES TO:** ) | |
| ) | |
| Montgomery County Board of County ) | **Case No. 18-OP-46326** |
| Commissioners et al., ) | |
| ) | **Judge Dan Aaron Polster** |
| Plaintiff, ) | |
| ) | **ORDER DENYING INTERLOCUTORY** |
| v. ) | **APPEAL AND STAY** |
| ) | |
| Cardinal Health, Inc. et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Meijer's motion to certify for interlocutory appeal and stay (Doc. #: 64). For the reasons set forth below, the Motion is **DENIED**.

On May 19, 2021, Plaintiff Board of County Commissioners of Montgomery County, Ohio filed an amended complaint adding Meijer as a defendant in this action. Doc. #: 37.[1] On July 14, 2021, Meijer moved to strike Plaintiff's allegations against it, arguing Plaintiff's attempt to add Meijer to the case violated, without good cause, a March 16, 2019 deadline set by this Court for adding new parties. Doc. #: 54-1. On July 28, 2021, Plaintiff filed a memorandum in opposition to Meijer's motion to strike, arguing it is entitled to amend the complaint in this case,

---

[1] References to the Montgomery County Docket are indicated as "Doc. #: ___," and references to the MDL docket are indicated as "MDL 2804 Doc. #: ___."

including to add new defendants, following the Court's identification of this case as a bellwether. Doc. #: 55. The Court denied Meijer's motion to strike on August 9, 2021. Doc. #: 61.

On August 31, 2021, in response to the Court's August 9 denial, Meijer filed the instant motion. Doc. #: 64. Plaintiff filed an opposition brief on September 9. Doc. #: 65. Meijer filed a reply on September 10. Doc. #: 66.

Meijer argues the Court's denial of the motion to strike warrants certification for appeal under 28 U.S.C. § 1292(b) because it meets the following conditions: (1) the Court's denial involves a controlling question of law; (2) there is substantial ground for difference of opinion regarding the correctness of the decision; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. Doc. #: 64 at 3. Meijer also argues the Court should stay claims against them while the appeal proceeds. *Id.* at 8. Plaintiff contends Meijer fails to meet any of the three above factors, and therefore an interlocutory appeal and stay are unwarranted. Doc. #: 65.

The bar is high for a party seeking interlocutory appeal. To certify a non-final judgment for interlocutory appeal under § 1292(b), all three factors must be met. *See Equal Emp. Opportunity Comm'n v. Faurecia Exhaust Sys.*, Inc., 2008 WL 11380150, at *3 (N.D. Ohio Dec. 3, 2008) (finding interlocutory appeal inappropriate solely on the ground that "the second factor required for certification . . . [had] not been established."). Furthermore, the decision whether to certify a non-final order for interlocutory appeal is firmly within the discretion of the trial court, and "should be sparingly granted and then only in exceptional cases."). *Adell v. Cellco P'ship*,

2019 WL 5285627, at *1 (N.D. Ohio Oct. 18, 2019) (quoting *In re Allstate Ins. Co.*, 2010 U.S. App. LEXIS 27325, *2 (6th Cir. 2010)).

The Court finds interlocutory appeal inappropriate here.  The first factor under § 1292(b), whether there exists a controlling question of law, is lacking.  "A legal question of the type envisioned in § 1292(b) . . . generally does not include matters within the discretion of the trial court."  *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002).  "District courts have broad discretion in interpreting, applying, and determining the requirements of their own . . . general orders."  *Pearce v. Chrysler Grp.*, L.L.C. Pension Plan, 615 F. App'x 342, 349 (6th Cir. 2015) (citing *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008)).

Meijer asserts the controlling question of law is whether, in refusing to grant Meijer's motion to strike, the Court allowed Plaintiff to add new defendants to this action at will, in violation of both the Court's own prior orders as well as Federal Rule of Civil Procedure 16(b), the latter of which requires "good cause" to amend a pleading after a court-ordered due date has passed.  Meijer is incorrect.  The record, including this Court's prior orders, demonstrates conclusively that the Court has by no means allowed any plaintiff to add defendants "at will."  As stated in the Court's August 9 denial of Meijer's motion to strike, this Court's prior orders expressly contemplated additional, *limited* opportunities for plaintiffs to amend complaints beyond any original deadline.  *See* MDL 2804 Doc. #: 739 at 4 n.3; 1106 at 3 n.6.

Specifically, the Court earlier ruled that, "[i]f a case is later designated as a bellwether . . . , a separate CMO will be entered that will provide for another opportunity to amend."  MDL 2804 Doc. #: 371 at 1.  The selection of the present action as one of five new bellwether cases occurred on April 7, 2021, at which time the Court reaffirmed that the "Plaintiffs in these five cases already have leave to amend their complaints."  MDL 2804 Doc. #: 3688 at 1.  Following this selection,

3

the Court set a May 12, 2021 deadline for each bellwether plaintiff to amend its complaint (*see* MDL 2804 April 22, 2021 Non-Document Order), which Special Master Cohen subsequently extended to May 19. Doc. 55-1. Plaintiff timely submitted its amended complaint in this case, adding Meijer as a defendant on May 19.

It is clear from the above record the Court always intended to allow plaintiffs to amend their complaints following the selection of the relevant action as a bellwether case. This is not a license for Plaintiff to add new defendants at will; a clear deadline of May 19, 2021 was set for amending the complaint, and Plaintiff met that deadline. Meijer may disagree with the Court's interpretation of its own prior orders, but again, the Court has broad discretion in interpreting, applying, and determining the requirements of its own orders. Accordingly, because matters firmly with the Court's discretion are not considered controlling questions of law under § 1292(b), no controlling question of law is present here.

As for Rule 16(b) and its good cause standard, this precept is simply not implicated. Rule 16(b) comes into play when a party seeks to amend its pleading *after* the relevant court-ordered deadline. As described above, Plaintiff amended its pleading within the deadline. Accordingly, Rule 16(b) is not at issue.

Because there is no controlling question of law, the first factor required for certification of an interlocutory appeal has not been met. Because Meijer must establish all three factors under § 1292(b) to obtain certification, and has failed to do so, interlocutory appeal is inappropriate. Meijer's request for a stay pending appeal is therefore moot. Accordingly, the Motion is **DENIED**.

                                         **/s/ Dan Aaron Polster  September 15, 2021**
                                         **DAN AARON POLSTER**
                                         **UNITED STATES DISTRICT JUDGE**